Case 4:08-cv-00283-WRW Document 1 Filed 04/04/2008 Page 1 of 15

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
APR 04 2008
JAMES W. McCORMACK, CLERK
By: DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

ANNA JOHNSON and
BENNIE JOHNSON, her husband, PLAINTIFFS

VS. CASE NO.: 4-08-CV000283 WRW

DAVOL, INC., a Rhode Island corporation;
C.R. BARD, INC., a New Jersey corporation, DEFENDANTS

This case assigned to District Judge Wilson
and to Magistrate Judge Forster

COMPLAINT

Comes now the Plaintiffs, Anna Johnson and Bennie Johnson, by and through their attorney, M. Edward Morgan of Morgan Law Firm, P.A., and for their Complaint against the named Defendants, Davol, Inc. and C.R. Bard, Inc., state:

I. JURISDICTION AND VENUE

1. The Plaintiffs, Anna Johnson and Bennie Johnson, are residents of the City of Shirley, Van Buren County, Arkansas.

2. The Defendant, Davol, Inc., (hereinafter "Davol"), whose principal place of business is 100 Sockanossett Crossroad, Cranston, Rhode Island 02920, is a Rhode Island corporation. The registered agent for Davol, Inc. is The Corporation Company, 124 W. Capitol Ave., Suite 1400, Little Rock, AR 72201.

3. The Defendant, C.R. Bard, Inc., (hereinafter "Bard"), whose principal place of business is 730 Central Avenue, Murray Hill, New Jersey 07974, is a New Jersey Corporation. The registered agent for C. R. Bard, Inc. is the Corporation Company, 124 W. Capitol Ave., Suite 1400, Little Rock, AR 72201.

Case 4:08-cv-00283-WRW Document 1 Filed 04/04/2008 Page 2 of 15

4. This Court has jurisdiction of this case pursuant to 28 U.S.C. §1332, due to diversity of citizenship.

5. The venue of this case is proper in the Eastern District of Arkansas, Western Division, being the district of the residence of the Plaintiffs.

## II. FACTUAL ALLEGATIONS

6. In approximately 1990, Anna Johnson developed a blood clot in her aorta and underwent an emergency embolectomy and exploratory laparotomy.

7. After this surgery, Mrs. Johnson developed a bulge at the site of the incision, just to the left side of the umbilicus and slightly on the superior side of the umbilicus.

8. In June of 2005, Mrs. Johnson was referred to Brock King, M.D., for treatment of vericose veins, as well as an incisional hernia noted above.

9. Dr. King discussed treatment of the incisional hernia with Mrs. Johnson on June 24, 2005, and surgical repair was scheduled for June 30, 2005.

10. On June 30, 2005, Dr. King performed a surgical procedure to repair an incisional hernia in the abdominal wall of Mrs. Johnson.

11. As part of this surgical procedure, a 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch, Lot # 43HOD271, was sewn into the abdomen of Mrs. Johnson.

12. At the time of this procedure, Dr. King identified a second defect in the abdominal wall, and that a second incisional hernia superiorly was repaired at this date and time, using a second 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch, Lot # 43HOD271.

13. After the repair, Mrs. Johnson developed a sharp, stabbing or poking pain in her abdomen and never recovered from the surgery.

14. Mrs. Johnson also reported a feeling of being "bloated" in her abdomen, and overall weakness in her body. She experienced weight gain because she can no longer be physically active.

15. At present, Mrs. Johnson has trouble engaging in most household chores, has difficulty walking, or sitting in a straight back chair. She cannot tolerate travel because of extreme abdominal pain.

16. The two 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patches sewn into the abdomen of Mrs. Johnson malfunctioned and caused the symptoms described above.

17. The United States Food and Drug Administration has ordered that the defendants recall hernia repair Composix Kugel Hernia patches, including those implanted in the plaintiff, Anna Johnson, because they are defective, and cause ongoing damage and injury to patients who have had them used for hernia repair.

18. Because the two 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patches sewn into the abdomen of Mrs. Johnson are defective, she will required additional treatment in the future, including additional surgical intervention to remove the defective products manufactured by the defendants.

COUNT ONE
NEGLIGENCE

19. The Plaintiffs incorporate by reference all the previous allegations contained in paragraphs one through eighteen above.

20. The Defendants, Davol and Bard, owed a non-delegable duty to exercise reasonable care in providing a 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch that was safe to Dr. Brock King, which was used and surgically implanted to the Plaintiff, Anna Johnson.

Case 4:08-cv-00283-WRW Document 1 Filed 04/04/2008 Page 4 of 15

21. The Defendants, Davol and Bard, breached their duty of reasonable care by failing to provide a 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch which was safe for users such as the Plaintiff, Anna Johnson. Specifically, the negligence of the Defendants includes, but is not limited to, the following acts and omissions:

a. Failure to exercise reasonable care in the design, specification, manufacture, fabrication, production, preparation, assembly, testing, labeling, marketing, distribution, and sale of the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch;

b. Failure to exercise reasonable care in warning users such as the Plaintiff, Anna Johnson;

c. Failure to adequately inform users of risks which were known, or should have been known, regarding the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch;

d. Failure to provide users of the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch with adequate instructions for use and implantation, and failure to provide medical personnel with adequate training regarding its use;

e. Failure to make the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch with material which was adequate for its anticipated use;

f. Was otherwise careless and negligent.

22. A reasonable and prudent person in the position of the Defendants, operating under the same or similar conditions, would foresee that the failure to fulfill the duties of ordinary care specified above, would result in the severe physical and emotional injuries to the ultimate users in the same position of the Plaintiff, Anna Johnson.

23. As a direct and proximate cause of the negligent conduct set forth above, Anna Johnson has suffered in the past and will continue to suffer in the future, injuries, damages, and losses, including, but not limited to the following:

a. Severe and permanent injuries to the abdomen;

b. Severe and permanent injuries to the digestive tract;

c. Severe and permanent injuries to the body as a whole;

d. Pain, suffering, and disability in the past and future;

e. Medical and hospital expense in the past and future;

f. Other personal and consequential damages.

24. As a direct and proximate cause of the negligent conduct set forth above, Bennie Johnson suffered injuries described herein, and he asserts a claim for judgment for all compensatory and pecuniary damages including, but not limited to the following:

a. Loss of society and companionship;

b. Loss of consortium;

c. Services provided for and to his wife;

d. Other compensatory, pecuniary, and economic damages.

COUNT TWO
STRICT PRODUCTS LIABILITY

25. The Plaintiffs incorporate by reference all the previous allegations contained in paragraphs one through twenty-four above.

26. The Defendants, Davol and Bard, at all times relevant to this complaint, are 'manufacturer(s)' as the term is defined in Ark. Code Ann. Sec. 16-116-102(1), and in the business

of manufacturing medical devices, such as the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch implanted in Anna Johnson.

27. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch, which was implanted into Anna Johnson, and which caused her injury, was defective and unreasonably dangerous to a person who might reasonably be expected to use, or be affected by it, at least in the following respects, among others:

a. The defendants failed to adequately, safely, and reasonably design, manufacture, fabricate, produce, prepare, assemble, test, label, market, and distribute products such as the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch;

b. The defendants failed to adequately warn the plaintiff of risks regarding the use of the product of which it knew, or should have known;

c. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was not accompanied with adequate instructions for use and implantation, and medical personnel were not provided with adequate training;

d. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was made of inadequate and improper material for its anticipated use;

e. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was otherwise defective and unreasonably dangerous.

28. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was defective and unreasonably dangerous at the time it left the control of the defendants.

Case 4:08-cv-00283-WRW Document 1 Filed 04/04/2008 Page 7 of 15

29. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was expected to and was implanted into Anna Johnson without substantial change in the condition in which it was sold by the defendants.

30. Anna Johnson is a person whom the defendants should have expected to use, or be affected by the use of the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch.

31. As a direct and proximate cause of the defective and unreasonably dangerous condition of the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch, Anna Johnson has suffered in the past and will continue to suffer in the future, injuries, damages, and losses, including, but not limited to the following:

a. Severe and permanent injuries to the abdomen;

b. Severe and permanent injuries to the digestive tract;

c. Severe and permanent injuries to the body as a whole;

d. Pain, suffering, and disability in the past and future;

e. Medical and hospital expense in the past and future;

f. Other personal and consequential damages.

32. As a direct and proximate cause of the defective and unreasonably dangerous condition of the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch set forth above, Bennie Johnson suffered injuries described herein, and he asserts a claim for judgment for all compensatory and pecuniary damages including, but not limited to the following:

a. Loss of society and companionship;

b. Loss of consortium;

c. Services provided for and to his wife;

d. Other compensatory, pecuniary, and economic damages.

COUNT THREE
BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33. The Plaintiffs incorporate by reference all the previous allegations contained in paragraphs one through thirty-two above.

34. The Defendants, Davol and Bard, were at all times relevant to the allegations of this complaint, "merchant(s)" as the term is defined in Ark. Code Ann. Sec. 4-2-104(1).

35. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch, which was manufactured, marketed, and sold, by the Defendants, was not merchantable in that it was not fit for the ordinary purposes for which such products are used in the following respects, among others:

a. The defendants failed to adequately, safely, and reasonably design, manufacture, fabricate, produce, prepare, assemble, test, label, market, and distribute products such as the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch;

b. The defendants failed to adequately warn the plaintiff of risks regarding the use of the product of which it knew, or should have known;

c. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was not accompanied with adequate instructions for use and implantation, and medical personnel were not provided with adequate training;

d. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was made of inadequate and improper material for its anticipated use;

e. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was otherwise defective and unreasonably dangerous.

Case 4:08-cv-00283-WRW Document 1 Filed 04/04/2008 Page 9 of 15

36. The Plaintiff, Anna Johnson, was a person whom the Defendants might reasonably expect to use or be affected by the product.

37. That as a direct and proximate cause of the breach of the implied warranty of merchantability, Anna Johnson has suffered in the past and will continue to suffer in the future, injuries, damages, and losses, including, but not limited to the following:

a. Severe and permanent injuries to the abdomen;

b. Severe and permanent injuries to the digestive tract;

c. Severe and permanent injuries to the body as a whole;

d. Pain, suffering, and disability in the past and future;

e. Medical and hospital expense in the past and future;

f. Other personal and consequential damages.

38. As a direct and proximate cause and cause of the breach of the implied warranty of merchantability, Bennie Johnson suffered injuries described herein, and he asserts a claim for judgment for all compensatory and pecuniary damages including, but not limited to the following:

a. Loss of society and companionship;

b. Loss of consortium;

c. Services provided for and to his wife;

d. Other compensatory, pecuniary, and economic damages.

COUNT FOUR
BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

39. The Plaintiffs incorporate by reference all the previous allegations contained in paragraphs one through thirty-eight above.

Case 4:08-cv-00283-WRW Document 1 Filed 04/04/2008 Page 10 of 15

40. The Defendants, Davol and Bard, at the time of contracting, had reason to know the particular purpose for which the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch sold for the implantation in Anna Johnson, and the purpose for which it would be used.

41. The Defendants, Davol and Bard, impliedly warranted that the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was fit for the particular purpose of repair of hernias, in the same or similar applications such as used in the Plaintiff, Anna Johnson.

42. The Defendants, Davol and Bard, knew that the purchaser was relying upon their skill and judgment to select or furnish a product which was fit for the particular purpose for which it was purchased.

43. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch , which was manufactured, marketed, sold, and maintained by the Defendants, was not fit for the particular purpose for which it was used, in the following respects, among others:

a. The defendants failed to adequately, safely, and reasonably design, manufacture, fabricate, produce, prepare, assemble, test, label, market, and distribute products such as the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch;

b. The defendants failed to adequately warn the plaintiff of risks regarding the use of the product of which it knew, or should have known;

c. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was not accompanied with adequate instructions for use and implantation, and medical personnel were not provided with adequate training;

d. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was made of inadequate and improper material for its anticipated use;

e. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was otherwise defective and unreasonably dangerous.

44. The Plaintiff, Anna Johnson, was a person whom the Defendants might reasonably expect to use or be affected by the product.

45. That as a result of the breach of the implied warranty of fitness for a particular purpose, Anna Johnson has suffered in the past and will continue to suffer in the future, injuries, damages, and losses, including, but not limited to the following:

a. Severe and permanent injuries to the abdomen;

b. Severe and permanent injuries to the digestive tract;

c. Severe and permanent injuries to the body as a whole;

d. Pain, suffering, and disability in the past and future;

e. Medical and hospital expense in the past and future;

f. Other personal and consequential damages.

46. As a result of the breach of the implied warranty of fitness for a particular purpose, Bennie Johnson suffered injuries described herein, and he asserts a claim for judgment for all compensatory and pecuniary damages including, but not limited to the following:

a. Loss of society and companionship;

b. Loss of consortium;

c. Services provided for and to his wife;

d. Other compensatory, pecuniary, and economic damages.

COUNT FIVE
BREACH OF EXPRESS WARRANTY

47. The Plaintiffs incorporate by reference all the previous allegations contained in paragraphs one through forty-six above.

48. The Defendants, Davol and Bard, made certain express warranties concerning the use of the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch, its effectiveness and its safety.

49. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch, which was manufactured, marketed, and sold, by the Defendants, did not conform to the warranties made by the defendants in the following respects, among others:

a. The defendants failed to adequately, safely, and reasonably design, manufacture, fabricate, produce, prepare, assemble, test, label, market, and distribute products such as the 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch;

b. The defendants failed to adequately warn the plaintiff of risks regarding the use of the product of which it knew, or should have known;

c. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was not accompanied with adequate instructions for use and implantation, and medical personnel were not provided with adequate training;

d. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was made of inadequate and improper material for its anticipated use;

e. The 4.5" x 4.5" Large Circle Bard Composix Kugel Hernia Patch was otherwise defective and unreasonably dangerous.

50. That as a direct and proximate cause of the breach of the express warranties, Anna Johnson has suffered in the past and will continue to suffer in the future, injuries, damages, and losses, including, but not limited to the following:

a. Severe and permanent injuries to the abdomen;

b. Severe and permanent injuries to the digestive tract;

c. Severe and permanent injuries to the body as a whole;

d. Pain, suffering, and disability in the past and future;

e. Medical and hospital expense in the past and future;

f. Other personal and consequential damages.

51. As a direct and proximate cause and cause of the breach of express warranties set forth above, Bennie Johnson suffered injuries described herein, and he asserts a claim for judgment for all compensatory and pecuniary damages including, but not limited to the following:

a. Loss of society and companionship;

b. Loss of consortium;

c. Services provided for and to his wife;

d. Other compensatory, pecuniary, and economic damages.

DEMAND FOR A JURY TRIAL

52. The Plaintiffs hereby demand that this matter be tried by a jury of twelve persons on all issues triable set forth in this complaint.

Case 4:08-cv-00283-WRW Document 1 Filed 04/04/2008 Page 14 of 15

PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs, Anna Johnson and Bennie Johnson, pray for judgment against the Defendants, Davol, Inc., and C.R. Bard, Inc., in an amount greater than $75,000.00 as required by 28 U.S.C. §1332, as follows:

A. For damages in an amount adequate for the Plaintiff's injuries received;

B. For all general and special damages caused by the conduct of the Defendants;

C. For attorney fees, as provided in Ark. Code Ann. Sec. 16-22-308;

D. For costs of litigating this case;

E. For any other relief to which the Plaintiffs are entitled under Federal and Arkansas Law, or which the court may find just and equitable.

M. EDWARD MORGAN, Bar. No. 82113
MORGAN LAW FIRM, P.A.
Attorney for the Plaintiffs
264 Court Street
Clinton, Arkansas 72031
(501) 745-4044

VERIFICATION

STATE OF ARKANSAS
COUNTY OF VAN BUREN

I, Anna Johnson, hereby state on oath that the facts set forth in the foregoing document are true and correct to the best of our information, belief, and knowledge.

Anna Johnson

Subscribed and sworn to before me on this 24th day of March, 2008.

Notary Public

(Seal)
My commission expires: ____

OFFICIAL SEAL
DIANE LESLIE
NOTARY PUBLIC - ARKANSAS
VAN BUREN COUNTY
Comm. Exp. 01-01-2010