**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

| | | |
|---|---|---|
| ANNA JOHNSON, *et al.*, | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | Case No. 4:08-cv-000283 |
| | § | |
| DAVOL INC., *et. al*, | § | The Hon. William R. Wilson, Jr. |
| | § | |
| | § | |
| Defendants. | § | |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.**

Defendants Davol Inc. and C.R. Bard, Inc., (collectively "Defendants") by and through counsel, answer the Plaintiffs' Complaint (the "Complaint") as follows:

## I. JURISDICTION AND VENUE

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

2. The allegations in Paragraph 2 of the Complaint are not directed at C.R. Bard, Inc. ("Bard") and therefore no response is required. Davol Inc. ("Davol") admits that it is organized under the laws of the State of Delaware and has its principal place of business is at 100 Sockanossett Crossroad, Cranston, Rhode Island 00290. Davol further admits that it may be served with process at 124 W. Capitol Ave., Suite 1400, Little Rock, AR 72201.

3. The allegations in Paragraph 3 of the Complaint are not directed at Davol and therefore no response is required. Bard admits that it is organized under the laws of New Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974.

4. Defendants admit that the requirements of 28 U.S.C. § 1332 have been met.

5. Defendants state that the allegations in Paragraph 5 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## II. FACTUAL ALLEGATIONS

6. Paragraph 6 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

7. Paragraph 7 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

8. Paragraph 8 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

9. Paragraph 9 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required,

Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

10. Paragraph 10 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

11. Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

12. Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

13. Paragraph 13 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

14. Paragraph 14 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

15. Paragraph 15 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

16. Paragraph 16 of the Complaint states conclusions of law and no response is required. To the extent a response is required, Defendants lack sufficient knowledge or information to for a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

17. Defendants deny the allegations as phrased. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state that these products have since been returned to the market with the federal Food and Drug Administration's ("FDA") approval.

18. The allegations in Paragraph 18 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

COUNT I
NEGLIGENCE

19. In response to Paragraph 19 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

20. The allegations in Paragraph 20 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

21. The allegations in Paragraph 21 of the Complaint, including its subparts (a) through (f), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

22. The allegations in Paragraph 22 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

23. The allegations in Paragraph 23 of the Complaint, including its subparts (a) through (f), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

24. The allegations in Paragraph 24 of the Complaint, including its subparts (a) through (d), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

COUNT TWO
STRICT PRODUCTS LIABILITY

25. In response to Paragraph 25 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

26. The allegations in Paragraph 26 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Davol admits that at various times it manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies the allegations.

27. The allegations in Paragraph 27 of the Complaint, including its subparts (a) through (e), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

28. The allegations in Paragraph 28 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

29. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in this paragraph and therefore deny the same.

30. The allegations in Paragraph 30 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

31. The allegations in Paragraph 31 of the Complaint, including its subparts (a) through (f), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

32. The allegations in Paragraph 32 of the Complaint, including its subparts (a) through (d), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

COUNT III
BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33. In response to Paragraph 33 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

34. The allegations in Paragraph 34 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Davol admits that at various times it sold, marketed and distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Bard denies the allegations.

35. The allegations in Paragraph 35 of the Complaint, including its subparts (a) through (e), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

36. The allegations in Paragraph 36 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

37. The allegations in Paragraph 37 of the Complaint, including its subparts (a) through (f), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

38. The allegations in Paragraph 38 of the Complaint, including its subparts (a) through (d), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

COUNT FOUR
BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

39. In response to Paragraph 39 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

40. The allegations in Paragraph 40 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

41. The allegations in Paragraph 41of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

42. The allegations in Paragraph 42 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

43. The allegations in Paragraph 43 of the Complaint, including its subparts (a) through (e), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

44. The allegations in Paragraph 44 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

45. The allegations in Paragraph 45 of the Complaint, including its subparts (a) through (f), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

46. The allegations in Paragraph 46 of the Complaint, including its subparts (a) through (d), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

COUNT FIVE
BREACH OF EXPRESS WARRANTY

47. In response to Paragraph 47 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

48. The allegations in Paragraph 48 of the Complaint are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

49. The allegations in Paragraph 49 of the Complaint, including its subparts (a) through (e), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

50. The allegations in Paragraph 50 of the Complaint, including its subparts (a) through (f), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

51. The allegations in Paragraph 51 of the Complaint, including its subparts (a) through (d), are conclusions of law and no response is required. To the extent a response is required, Defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. Plaintiffs' Complaint should be dismissed for lack of proper venue.

3. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiffs' claims against Defendants in whole or in part.

5. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bar Plaintiffs' claims against Defendants in whole or in part.

6. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiffs' claims in whole or in part.

7. Plaintiffs' or their agents', including their physicians' misuse or abnormal use of the product or failure to follow instructions bar the Plaintiffs' claims in whole or in part.

8. If Plaintiffs used a product sold by Defendants, then Plaintiffs' claims are barred, in whole or in part, because Plaintiffs assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

9. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiffs' alleged injuries.

10. If Plaintiffs sustained any damages or injuries, which is denied, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

11. If Plaintiffs used a product sold by Defendants, Plaintiffs used the product for off-label purposes, which bar Plaintiffs' claims.

12. The learned intermediary doctrine bars Plaintiffs' claims.

13. Plaintiffs' claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

14. Plaintiffs' claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

15. Plaintiffs' claims are preempted, in whole or in part, by applicable federal law.

16. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' injuries, if any, were the result of conduct of Plaintiffs, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiffs' pre-existing medical conditions.

17. If Plaintiffs suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiffs' alleged injury or damages.

In the alternative, under applicable provisions of statutory or decisional law (including but not limited to *Daly v. General Motors Corp.*, 20 Cal.3d 725 (1978)), Defendants are entitled to a comparative apportionment of fault, if any, relative to the other Defendants (and Cross-Defendants) and/or third parties. To the extent Defendants' liability exceeds their relative share of responsibility, Defendants are likewise entitled to a judgment against those parties herein for contribution and/or indemnity or a percentage reduction in accordance with the apportionment of their fault or liability or the fault or liability attributable to any other party or any person or entity, including the Plaintiffs and any party, person, or entity who has settled with the Plaintiffs. In the alternative, Defendants are entitled to a setoff or dollar-for-dollar credit for any such settlements and

any amounts received by Plaintiffs from any source whatsoever with respect to the injuries and damages at issue in this suit.

18. Defendants state that if Plaintiffs sustained any damages or injuries, which is specifically denied, such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these Defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

19. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiffs' own idiosyncratic reactions.

20. Plaintiffs failed to mitigate, which limits Plaintiffs' damages, if any, in whole or in part.

21. Defendants have no legal relationship or privity with Plaintiffs and owe no duty to Plaintiffs by which liability could be attributed to them.

22. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiffs. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiffs failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

23. Plaintiffs' causes of action are barred in whole or in part by Plaintiffs' own comparative negligence.

24. Plaintiffs' recovery, if any, shall be reduced by those payments that Plaintiffs received from collateral sources.

25. If Plaintiffs have been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

26. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiffs may have suffered, if any.

27. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiffs' alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the Arkansas Constitution.

28. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the Arkansas Constitution.

29. To the extent Plaintiffs' Complaint seeks punitive damages, such claims are barred because Plaintiffs have failed to allege conduct warranting the imposition of punitive damages under Arkansas and/or other applicable laws.

30. To the extent Plaintiffs' Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

31. Plaintiffs' claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than Arkansas.

32. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiffs, dismissing Plaintiffs' Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering Defendants hereby demand a trial by jury as to all issues.

Dated: May 2, 2008

Respectfully submitted,

**/s/ Lyn P. Pruitt**
Arkansas Bar 84121
MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.
425 West Capitol Avenue, Suite 1800
Little Rock, AR 72201
*lpruitt@mwsgw.com*

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
SPRIGGS & HOLLINGSWORTH
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2008, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC., using the CM/ECF system, which shall send notification of such filing to the following:

- **M. Edward Morgan**
  eddie@medwardmorgan.com,palberg@clintoncable.net,nona@clintoncable.net

  M. Edward Morgan
  MORGAN LAW FIRM, P.A.
  264 Court Street
  Clinton, AR 72031
  *Attorney for Plaintiffs*

**/s/ Lyn P. Pruitt**